UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19 CR 794 SRC |
| | ) | |
| ZETIAN LIU, | ) | |
| | ) | |
| Defendant. | ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

1. **PARTIES:**

The parties are the defendant ZETIAN LIU, represented by defense counsel Justin K. Gelfand, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

2. **GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count II (Possession of Child Pornography) of the charge, the Government agrees to move for the dismissal of Count I (Receipt of Child Pornography) at the time of sentencing. Moreover, the Government agrees that no further federal prosecution will be brought in this District relative to the defendant's Receipt and Possession of Child

1

Pornography on between July 20, 2019, and September 12, 2019, of which the Government is aware at this time.

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties further agree that notice of any such request will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

The defendant also agrees to waive any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, including, but not limited to: Apple MacBook, thumb drives, USB image stabilizer, Seagate 1 TB external hard drive; and Apple iPhone 8. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

The parties understand that the District Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

3.   **ELEMENTS:**

As to Count 2, the defendant admits to knowingly violating Title 18, United States Code, Section 2252A(a)(5)(B), and admits there is a factual basis for the plea and further fully understands that the elements of the crime of Possession of Child Pornography which he admits to knowingly committing and for which he admits there is a factual basis are: (1) defendant knowingly possessed material that contained images of child pornography, (2) which were visual

2

depictions where the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and such visual depictions were of a minor engaging in sexually explicit conduct, and (3) those images are contained on material that has been transported in interstate commerce and were themselves transported in interstate commerce.

4.   **FACTS:**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

During an authorized Internet undercover operation on August 11, 2019, Detective Sergeant Robert Muffler of the St. Louis Metropolitan Police Department's City Cyber Crimes Unit identified a specific IP address at which a computer was offering to participate in the distribution of child pornography using the BitTorrent Peer-to-Peer file sharing network.

Using a peer-to-peer file sharing software, set to download from a single source, Detective Sergeant Robert Muffler was able to download multiple computer files from the computer that contained child pornography. The files included, but were not limited to the following:

    1.   File Name:          "F17"

        MD5 Hash:         126belb162b970d1102a2d9dfc1c00e

        Brief Description:    This video is 34 minutes and 36 seconds in length depicting a female undressing herself and taking a shower. The female is later sitting on a bed masturbating her vagina with a foreign object. Later the female again showers and shaves her vaginal area. A prepubescent male enters the room and

3

the two begin to touch each other's genitalia while lying on the bed in the nude.

2. **File Name:** "01"

   **MD5 Hash:** 9acb651142fd4885b45e241f27fc1bc4

   **Brief Description:** This video is 10 minutes 3 seconds in length depicting two prepubescent minor females lying on a bed. One prepubescent female has her hands duck taped to her legs as an adult male, whose face is not visible, pulls the girl towards him and begins to hit her vagina. The male then begins to forcibly engage in sexual intercourse with the prepubescent female. The prepubescent female is then assaulted as the unknown male and what appears to be an unknown female penetrate the prepubescent female's vagina and anus with a foreign object.

3. **File Name:** "H54"

   **MD5 Hash:** 52a9353e2f46aa0bf2fdb7757d0103a2

   **Brief Description:** The video is 17 minutes and 49 seconds in length depicting a prepubescent minor female standing on a bed and undressing in front of the camera. The prepubescent female then sits on the bed and completely exposes her vaginal area. The prepubescent female then exposes her anus and vaginal area. The prepubescent female later in the video begins to masturbate. Her vaginal area is then digitally

4

sodomized by an unknown subject's finger. The prepubescent female is made to lie down in several different positions on a bed exposing her vaginal area. The prepubescent female is then observed on her back with her legs spread and appears to be unconscious while an unknown adult male begins to rub his penis on her vagina until he ejaculates on her.

4.  File Name:              "(Pthc )Skinhead Complete"

    MD5 Hash:             e2804640e615f9fed85be29461470d2d

    Brief Description:      This video is 15 minutes 9 seconds in length depicting a prepubescent female sitting on the edge of a bathtub with her legs spread and vaginal area clearly visible. The prepubescent female then sits in the tub and is videoed urinating and masturbating with a foreign object. The prepubescent female then performs oral sex on the penis of what appears to be an adult male until the male ejaculates on her.

Officers were able to determine that the IP address was assigned to a subscriber for the service address at which defendant resided in the City of St. Louis, located in the Eastern District of Missouri. On September 11, 2019, law enforcement officers obtained a valid federal search warrant for the residence. On September 12, 2019, the search warrant was lawfully and properly executed at defendant's residence.

5

Defendant and his two roommates were present in the residence when the search warrant was executed. Defendant, a citizen of China, was interviewed with the assistance of an interpreter. Defendant was advised of his right to consult with consular officers. He was also advised of his *Miranda* rights. During a recorded interview, defendant said that he initially downloaded child pornography by accident, but later did so intentionally. He said he used uTorrent to search for and download the child pornography files. Defendant told the officers that the child pornography would be located on his laptop and on a USB flash drive. Defendant provided the password so that officers could enter the "vault" on the laptop computer where the child pornography was stored.

To search for child pornography, defendant used search terms such as "young girls" and "rape." During the interview defendant was shown files and asked if had viewed them. Defendant admitted that he viewed the following files, which are described above: "01," "H54," and "(Pthc)Skinhead Complete." Defendant that when the officers were executing the search warrant, he was actively downloading child pornography.

While defendant was being interviewed, other officers seized the following items belonging to the defendant: Passport and Visa, SSK thumb drive (QSL2_1), SanDisk thumb drive (QSL2_2), USB Image Stabilizer (QSL2_3), Seagate external hard drive (QSL3), iPhone 8 (QSL4), and Apple MacBook (QSL1).

Forensic Examiner David Howe of the FBI was present during the execution of the search warrant. FE Howe observed defendant's computer, powered on and unlocked. The computer was running the program uTorrent, which is a peer-to-peer file sharing program. FE Howe observed that the program was actively downloading files and also observed files that had been completely downloaded. FE Howe observed the following folder on defendant's computer:

6

"CP Video HD 2019, PTHC, Loli, child porn, preteen, pedo, kids, Jailbait, CP Pack, 445Gb Preview."

The seized items were taken to the FBI St. Louis CART lab for forensic analyses. FE Howe examined the items and found the following:

Apple MacBook (QSL1):

1. folder named "CP Video HD 2019, PTHC, Loli, child porn, preteen, pedo, kids, Jailbait, CP Pack, 445Gb Preview;"

2. evidence that the UTorrent application downloaded files to the file path /Users/liuzetian/Downloads;

3. uTorrent Application;

4. evidence that the username was liuzetian;

5. fifty-one web sites that were visited that included names such as: loli, pedo, pthc, and other names associated with child pornography;

6. that the folder "CP Video HD 2019, PTHC, Loli, child porn, preteen, kis, Jailbait, CP Pack, 445Gb Preview" contained 1,574 videos that depict child pornography.

7. Sixty-five child pornography files that depict young children being spanked by an adult;

8. 886 images files that depict child pornography;

9. 344 videos that depict minor females in lascivious exhibitions of their genitals;

10. 175 videos that depict minor children engaged in sexual activity with adults;

11. "精彩剪辑.mp4," a graphic video file that depicts, in part, a prepubescent minor female engaged in sexual intercourse;

12. "媳美欣系列高清53.mp4," a graphic video file that depicts, in part, a prepubescent minor female in a lascivious display of her genitals and engaged in sexual intercourse;

13. "媳美欣系列高清44.mp4," a graphic video file that depicts, in part, a prepubescent minor female in a lascivious display of her genitals; and

14. "pthc hussyfan!!!NEWS (RARE) - mandy_sucking_cumshot.avi," a graphic video that depicts, in part, a prepubescent minor female engaged in oral sex with a male.

<u>SanDisk thumb drive (QSL2_2)</u>:

1. contained four videos that depict the spanking of a nude minor;

2. twelve videos that depict child pornography;

3. "YOY030 越南幼幼.mp4," a graphic video file that depicts, in part, prepubescent minor females engaging in oral sex with a male; and

4. "YOY028.MP4," a graphic video file that depicts, in part, a minor female engaged in sexual intercourse with a male.

<u>Apple iPhone 8 (QSL4)</u>:

1. artifacts in the web history showing nine links to websites containing child pornography;

## SUMMARY

In summary, and as the defendant now admits, between July 20, 2019, and September 12, 2019, in the Eastern District of Missouri, defendant knowingly possessed on his SanDisk thumb drive images of child pornography, including, but not limited to:

a.    "YOY030 越南幼幼.mp4," a graphic video file that depicts, in part, prepubescent minor females engaging in oral sex with a male;

b.    "YOY028.MP4," a graphic video file that depicts, in part, a minor female engaged in sexual intercourse with a male; and

c.    "YOY007A 幼交片段精.WMV," a graphic video file that depicts, in part, males engaged in sexual intercourse with prepubescent minor females and minor females.

Defendant admits that he possessed more than 600 images of child pornography where each video is considered the equivalent of 75 images. Defendant admits that some images portrayed prepubescent minor victims engaged sexually explicit conduct, and some portrayed sadistic or masochistic conduct, or other acts of violence.

Defendant further admits that the internet is a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files. The internet is a means and facility of interstate and foreign commerce.

5.    **STATUTORY PENALTIES:**

As to Count II, the defendant fully understands that the maximum possible penalty provided by law for the crime of Possession of Child Pornography to which the defendant is pleading guilty is imprisonment of not more than twenty years, and a fine of not more than $250,000. The Court may also impose a period of supervised release of not more than life and not less than five years.

9

Additionally, per 18 U.S.C. § 2259A, defendant fully understands that for offenses committed on or after December 7, 2018, in addition to other assessments, the Court may impose an assessment for each count of no more than:

> (1)   $17,000.00 if convicted of 18 U.S.C. § 2252(a)(4) or § 2252A(a)(5), regarding the possession of, or access with intent to view, child pornography. . . .

**6.     U.S. SENTENCING GUIDELINES: 2018 MANUAL:**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

**a.     Chapter 2 Offense Conduct:**

**(1)     Base Offense Level:** The parties agree that the base offense level is eighteen (18) as found in Section 2G2.2(a)(1).

**(2)     Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:

> (a)   two (2) levels should be added pursuant to 2G2.2(b)(2) because "the material involved a prepubescent minor or a minor who had not attained the age of 12 years,"
>
> (b)   four (4) levels should be added pursuant to 2G2.2(b)(4)(A) because the material portrays sadistic or masochistic conduct or other depictions of violence,
>
> (c)   two (2) levels should be added pursuant to Section 2G2.2(b)(6), because "the offense involved the use of a computer or an

interactive computer service for the possession, transmission, receipt, or distribution of the material,"

(d)     five (5) levels should be added pursuant to Section 2G2.2(b)(7)(D), because the offense involved "at least 600 images" of child pornography.

b.     **Chapter 3 Adjustments:**

(1)     **Acceptance of Responsibility**: The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant that it believes are inconsistent with defendant's eligibility for this deduction, the government may assert that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1.

(2)     **Other Adjustments**: The parties recommend that the following adjustments, other than acceptance of responsibility, apply: none.

c.     **Estimated Total Offense Level**: The parties estimate that the Total Offense Level is twenty-eight (28).

d.     **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable

11

category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

     e.     **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

**7.**     **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

     a.     **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

     **(1)**     **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

     **(2)**     **Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

      **b.**    **Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

      **c.**    **Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.**    **OTHER:**

      **a.**    **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

      **b.**    **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

      **c.**    **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. Some of these special conditions may include that defendant not possess a computer or internet access, that defendant not have contact with minors without the authorization of the Probation Officer, that defendant participate in sexual offender counseling and that defendant not maintain a post office box. In addition, as a condition of supervised

release, defendant shall initially register with the state sex offender registration in Missouri, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws.

These and any other special conditions imposed by the Court will be restrictions with which defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

       d.    **Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, and before September 30, 2021, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under .. . . Chapter 110 (relating to sexual exploitation and other abuse of children, including, but not limited to, 18 U.S.C. §2251(a) (production of child pornography) and 18 U.S.C. § 2252A (transportation, distribution, receipt, possession, or access with the intent to view child pornography)). . . .

The assessment imposed under 18 U.S.C. § 3014 is in addition to the mandatory special assessment imposed under 18 U.S.C. § 3013.

14

e. **Possibility of Detention:** The defendant shall be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

f. **Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Sections 3663A and 2259, an order of restitution is mandatory for all crimes listed in Sections 3663A(c) and 2259. Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Sections 3663A(b) and 2259 and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment without regard to the count or counts to which the defendant has agreed to plead guilty.

g. **Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

9.    **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant understands that by pleading guilty, defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply for life. The defendant understands that defendant must keep said registrations current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person said sex offender registration information.

16

Defendant understands that defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Missouri following release from prison, defendant will be subject to the registration requirements of Missouri state law. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction. Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

If the defendant is not a U.S. citizen, the guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

10.    **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or

17

indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

**11.    CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crimes, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

**12.    NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the

Government agrees to dismiss or not to bring.

2-12-2021
Date

ROBERT F. LIVERGOOD, 35432MO
Assistant United States Attorney

2.16.2021
Date

ZETIAN LIU
Defendant

2/22/2021
Date

JUSTIN K. GELFAND
Attorney for Defendant

19