UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 4:19 CR 794 SRC |
| ) | |
| ZETIAN LIU, ) | |
| ) | |
| Defendant. ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM

Comes now the United States of America, by and through its attorneys, Salyer A. Fleming, United States Attorney for the Eastern District of Missouri, and Robert F. Livergood, Assistant United States Attorneys for said District, and files its response to "Defendant's Sentencing Memorandum and Motion for Downward Variance." (Doc. #77). For its response, the Government states the following:

On September 12, 2019, defendant was charged by complaint with receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). On September 26, 2019, the defendant was indicted for receiving child pornography, 18 U.S.C. § 2252A(a)(2), and for possessing child pornography, 18 U.S.C. § 2252A(a)(5)(B).

The parties estimate that the total offense level is twenty-eight. The sentencing range for level twenty-eight is imprisonment from 78 to 97 months. The parties agreed that either party may request a sentence above or below the guideline range. On June 23, 2021, the defendant filed a sentencing memorandum requesting time served, or, if the Court was not in agreement, a

1

sentence no more than 30 months' imprisonment. (Doc. #77, at 1). The Government requests that defendant be sentenced to a term of 36 months' imprisonment followed by lifetime supervison.

## DISCUSSION

In *United States v. Haack*, 403 F.3d 997 (8th Cir. 2005), the Court of Appeals described the process that the District Court should follow in determining a sentence in light of *United States v. Booker*, 543 U.S. 220 (2005). The Court should first determine the guideline range based upon all enhancements and the defendant's criminal history. Second, the Court should determine if any guideline departures apply. Finally, the Court should determine if the guideline range is reasonable considering all factors listed in Title 18, United States Code, Section 3553(a). *Haack*, 403 F.3d at 1002‑1003.

Section 3553(a) lists the following relevant factors:

1) the nature and circumstances of the offense and the history and characteristics of the defendant;
2) the need for the sentence imposed --
   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (B) to afford adequate deterrence to criminal conduct;
   (C) to protect the public from further crimes of the defendant; and
   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3) the kinds of sentences available;
4) the kinds of sentences and the sentencing range established for –
   (A) the applicable category of offenses committed by the applicable category of defendant as set forth in the guidelines . . .
5) any pertinent policy statement –
   (A) issued by the Sentencing Commission . . .
6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . .

I.  The Nature and Circumstances of the Offense

The nature and circumstances of the offense are as follows:

During an authorized Internet undercover operation on August 11, 2019, Detective Sergeant Robert Muffler of the St. Louis Metropolitan Police Department's City Cyber Crimes Unit identified defendant's IP address as distributing child pornography using the BitTorrent Peer-to-Peer file sharing network. Det. Muffler was able to download multiple computer files from defendant's computer that contained child pornography. The files included videos of child pornography. One of the videos was 34 minutes in length, another was 10 minutes in length, a third was 17 minutes in length, and a fourth was 15 minutes in length. Just in those four videos alone, the defendant had over an hour of videos showing children being sexually abused.

On September 12, 2019, a search warrant was executed at defendant's residence. Defendant and his two roommates were present in the residence when the search warrant was executed. Defendant, a citizen of China, was interviewed with the assistance of an interpreter. Defendant was advised of his right to consult with consular officers. He was also advised of his *Miranda* rights. During a recorded interview, defendant said that he initially downloaded child pornography by accident, but later did so intentionally. He said he used uTorrent to search for and download the child pornography files. Defendant told the officers that the child pornography would be located on his laptop and on a USB flash drive. Defendant provided the password so that officers could enter the "vault" on the laptop computer where the child pornography was stored.

To search for child pornography, defendant used search terms such as "young girls" and "rape." Defendant admitted that when the officers were executing the search warrant, he was actively downloading child pornography files.

While defendant was being interviewed, other officers seized several electronic items belonging to the defendant.

Forensic Examiner David Howe of the FBI was present during the execution of the search warrant. FE Howe observed defendant's computer, powered on and unlocked. The computer was running the program uTorrent, which is a peer-to-peer file sharing program. FE Howe observed that the program was actively downloading files and also observed files that had been completely downloaded. FE Howe observed the following folder on defendant's computer: "CP Video HD 2019, PTHC, Loli, child porn, preteen, pedo, kids, Jailbait, CP Pack, 445Gb Preview."

The seized items were taken to the FBI St. Louis CART lab for forensic analyses. FE Howe examined the items and found videos and images of child pornography on defendant's Apple MacBook, and videos of child pornography on defendant's SanDisk thumb drive.

   III. <u>Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense</u>

A sentence of 36 months' imprisonment would provide just punishment for the offense. Defendant is well educated. At the time of the offense he was a graduate student at Washington University. He turned down offers at Boston College, Johns Hopkins University, and the University of Illinois. (Doc. #77, at 4). In his sentencing memorandum, defendant states that he had been suffering from anxiety, and as a result had experienced months of insomnia, increased heart rate, sweating, and problems concentrating. (Doc. #77, at 7).

Defendant's brief also states that "Liu is, at his core, a good person who cares deeply for the wellbeing of all those around him." (Doc #77, at 5). Nevertheless, the defendant searched for videos which he knew contained images of young children and viewed them on his computer.

4

*See* (Doc. #75, at 6). Some of the images portrayed prepubescent minor children engaged in sexually explicit conduct, and some portrayed sadistic or masochistic conduct or other acts of violence. (Doc. #66, at 9). As the Supreme Court explained in *United States v. Paroline*, 134 S. Ct. 1710 (2014):

> The demand for child pornography harms children in part because it drives production, which involves child abuse.   The harms caused by child pornography, however, are still more extensive because child pornography is 'a permanent record' of the depicted child's abuse, and 'the harm to the child is exacerbated by [its] circulation.

*Id.* at 1716-17. Here, the defendant exacerbated the children's harm by seeking out child pornography videos and images.

    IV.    <u>Sentencing Guidelines</u>

Defendant argues that the sentencing guidelines are excessively harsh. (Doc. #77, at 10). The Government does not concede that the guidelines are excessively harsh, but notes that the Government has agreed to dismiss Count 1, which has a five-year mandatory minimum punishment. Moreover, the Government is recommending a sentence of 36 months' imprisonment, which is below the sentencing range for total offense level 28.

Additionally, Congress has the ability to revoke or amend the Guidelines as it sees fit. *See United States v. Bastian*, 603 F.3d 460, 465 (8th Cir. 2010) (citing *Mistretta v. United States*, 488 U.S. 361, 393-94 (1989)).

    V.    <u>To Afford Adequate Deterrence to Criminal Conduct and To Protect the Public from Further Crimes of the Defendant</u>

Stiff sentences are necessary to protect children from being sexually abused. Here, a stiff sentence is necessary to deter defendant's criminal conduct and to protect the public from further harm.

VI.    Conclusion

WHEREFORE, the Government respectfully requests that the Court sentence defendant to three years' imprisonment followed by lifetime supervised release.

                                          Respectfully submitted,

                                          SAYLER A. FLEMING
                                          United States Attorney

                                          *s/ Robert F. Livergood*
                                          ROBERT F. LIVERGOOD, #35432MO
                                            Assistant United States Attorney
                                            111 S. 10th Street, Room 20.333
                                            St. Louis, Missouri 63l02

                                            (314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Justin K. Gelfand,
Attorney for the Defendant.

s/*Robert F. Livergood*
ROBERT F. LIVERGOOD, 35432MO
Assistant United States Attorney
